# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. CR408-315 |
| ) | |
| ANTONIO DAWON WOODLEY ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDATION

Defendant Antonio Woodley, one of thirty-five defendants in this drug conspiracy case, moves to suppress several intercepted telephone conversations underlying the charges against him. (Doc. 715.)

On April 4, 2008, this district's Chief Judge entered an order permitting the government to wiretap co-defendant Telly Petty's mobile phone pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* Among numerous phone calls to other members of the conspiracy, Petty made five calls to Woodley that were intercepted in April 2008. Only two of those calls underlie specific counts of the indictment, but the government intends to introduce each of the five intercepted calls into evidence, and Woodley

has made clear that he seeks to suppress them all.

Woodley contends that because he was not named in the government's Title III wiretap application and did not initiate the telephone calls, he "had an expectation of privacy that was violated by the call from Petty." (*Id.* at 2.)[1] Woodley, however, has shown no grounds justifying suppression of the intercepted telephone calls.

Neither the Constitution nor Title III requires that every participant in an intercepted communication be named in the wiretap application. "The Fourth Amendment requires specification of 'the place to be searched, and the persons or things to be seized.' In the wiretap context, those requirements are satisfied by identification of the telephone line to be tapped and the particular conversations to be seized." *United States v. Donovan*, 429 U.S. 413, 427 n.15 (1977). Thus, "[i]t is not a *constitutional* requirement that all those likely to be overheard engaging in incriminating conversations be named" in the wiretap application. *Id.* (emphasis added); *see United States v.*

---

[1] Woodley also states that "[n]one of the telephone conversations discuss [or] mention cocaine." (Doc. 714 at 2.) The government nevertheless contends that each of the calls relates to the charged conspiracy. Of course, the nature and import of the calls is a matter for the jury to determine.

*Bannerman*, 2005 WL 2323172 at *3-4 (D. Mass. Aug. 25, 2005).

Title III, however, requires that the wiretap application disclose "the identity of the person, *if known*, committing the offense and whose communications are to be intercepted." 18 U.S.C. § 2518(1)(b) (emphasis added); *Donovan*, 429 U.S. at 428 ("[A] wiretap application must name an individual if the Government has probable cause to believe that the individual is engaged in the criminal activity under investigation and expects to intercept the individual's conversations over the target telephone."). Here, Woodley has not alleged that, prior to seeking authorization for the wiretap, the government had any reason to believe that he was involved in the drug conspiracy or that he would likely be speaking to Petty over the target telephone. Indeed, government counsel affirmatively stated at the hearing that it had no knowledge of Woodley or his role in the conspiracy prior to tapping Petty's phone. Thus, as Woodley's identity was not "known" to the investigators at the time they applied for the wiretap, the government had no statutory duty (or ability) to list his name in its wiretap application.[2] *United States v.*

---

[2] As the Supreme Court made clear in *Donovan*, even where the government fails to comply with the statutory identification requirement by neglecting to include

3

*Kahn*, 415 U.S. 143, 155 (1974); *see United States v. Chiarizio*, 388 F. Supp. 858, 876 (D. Conn. 1975).

Since Title III wiretaps are designed to be used by law enforcement to discover the scope and contours of criminal conspiracies, interception must be permissible regardless of who actually initiates a call. *United States v. Tortorello*, 480 F.2d 764, 775 (2d Cir. 1973) ("since the identity of all persons who may contact *or be contacted* by the [wiretapped] suspect usually cannot be known, it is permissible to record pertinent conversations" (emphasis added)). Thus, an outbound call from a known conspirator named in the wiretap application to a person unknown to the monitoring government agents may be intercepted, recorded, and used at trial, so long as "probable cause has been shown as to one . . . participant" and the conversation is "pertinent to the investigation." *Id.* Indeed, even as to those persons who *are* known to the investigators and listed in the wiretap application, the government need not establish probable cause "for each person named in an application. . . . What is required is sufficient information so that a judge

---

a "known" interceptee's name in its wiretap application, the statutory suppression provision of 18 U.S.C. § 2515 is not necessarily triggered. 429 U.S. at 432-39.

4

could find probable cause to believe that the telephone in question is being used in an illegal operation." *United States v. Domme*, 753 F.2d 950, 954 n. 2 (11th Cir. 1985) (internal citations omitted).

Woodley neither contests the finding of probable cause as to Telly Petty nor points to any mistakes in the wiretap application. Nor has he alleged that the intercepting agents failed in their duties to minimize the privacy impact of their monitoring. He thus shows no grounds to contest the admission of any intercepted communications from the lawful wiretap. While Woodley did not initiate the conversations and was not named in the Title III warrant, the telephone intercepts of the calls Petty placed to Woodley did not impinge upon Woodley's constitutional rights or violate Title III's requirements. Accordingly, Woodley's motion to suppress should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this /s/ day of October, 2009.

/s/
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA