# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. CR408-315 |
| ) | |
| ANTONIO DAWON WOODLEY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Antonio Woodley's appointed attorney, Eugene Brooks, has filed his second motion to withdraw as defense counsel in this criminal case. (Doc. 704.) Woodley is clearly a difficult client. He has on several occasions refused to cooperate with Brooks or accept his legal advice, and he refused even to meet with Brooks on one occasion when counsel drove for over an hour to visit Woodley at the Emanuel County Jail. In addition, Woodley believes that he has the right to demand that Brooks file motions that Brooks has independently determined to be meritless, and he generally mistrusts Brooks. He blames Brooks for the

trial delays associated with the mental competency evaluation that this Court ordered. Nevertheless, Woodley has neither requested replacement counsel nor moved to proceed pro se.[1]

The Court conducted an inquiry on the matter on September 29, 2009.[2] After listening to his grievances, it explained to Woodley that Brooks is an experienced trial attorney who has represented a number of indigent defendants charged with federal crimes on appointment by this Court. One of those cases was tried before a jury. While Brooks primarily practices civil law, he is regularly in court and has tried some 30 to 50 jury trials. He has been a diligent and zealous advocate for his clients in this Court. The Court further explained to Woodley that while he is the final decisionmaker as to the most important aspects of his defense (such as whether to accept a government plea offer or whether to testify on his own behalf), he has no right to control *every* aspect of his attorney's performance. Particularly, Woodley has no right to force

---

[1] Woodley has submitted several letters to the Court asking it to order Brooks to file certain motions on his behalf. (Docs. 688, 706, & 717.)

[2] Prior to excusing government counsel from the proceeding, the Court asked about his impression of Brooks's performance. AUSA Knoche stated that he had had a number of conversations with Brooks and that Brooks had proven to be an effective advocate for his client, having negotiated (from the prosecutor's perspective) a very favorable plea offer from the government.

2

Brooks to file motions that counsel believes to be meritless. An attorney is not a mere rubber stamp or mouthpiece for his client, obligated to urge any motion or argument his client wishes him to file. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1337 (11th Cir. 2002). If a client insists that an attorney file a motion or take a position that the attorney does not personally believe to have any factual or legal merit, "the attorney must stand his . . . ground and refuse to act in a manner that flies in the face of the relevant ethics rules." *Id.* at 1327-28. Indeed, sanctions may be imposed upon an attorney who forgets his proper role as an officer of the court. *See United States v. Scott*, No. CR405-331, doc. 214 (adopted by doc. 238).

Finally, the Court explained that Brooks has a *duty* to be honest and forthright with his client about the strengths *and weaknesses* of his case. The attorney must deal with the facts and evidence as he finds them. Sometimes the client is not happy with what the attorney has to say, but that should not give him reason to believe that his attorney is actively working against him. An attorney does not have to believe in his client's innocence in order to serve as an effective advocate. *United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1466 (11th Cir. 1991).

Woodley is advised that the Court will not permit him to obtain a new attorney simply by the expedient of refusing to cooperate with counsel chosen by the Court. "Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right . . . to demand a different appointed lawyer except for good cause," and a court will not find "good cause" absent a showing that defendant's appointed counsel *cannot* provide adequate assistance. *Thomas v. Wainwright*, 767 F.2d 732, 742 (11th Cir. 1985); *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973); *see Morris v. Slappy*, 461 U.S. 1, 11-15 (1983) (declining to create a Sixth Amendment right to a "meaningful attorney-client relationship").

As the Court explained in its prior order denying withdrawal (doc. 551), granting Brooks's motion to withdraw would simply saddle a new attorney with the same difficulties that Mr. Brooks has been experiencing. Thus excusing Brooks and substituting new counsel would accomplish nothing and, in fact, would be counterproductive this late in the proceedings. Consequently, counsel's second motion to withdraw is **DENIED**.

**SO ORDERED** this <u>1st</u> day of October, 2009.

4

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA