# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO D. WOODLEY, )
)
    Movant, )
) Case No. CV413-167
v. ) CR408-315
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Having unsuccessfully sought 28 U.S.C. § 2255 relief in 2013, CR408-315, doc. 1471, Antonio D. Woodley moves "this Court to hold petitioner's deadline filing date as I wait for (11th Cir.) Court approval for filing a Second or Successive [§ 2255] Petition pursuant to *Johnson*, 13-7120 cumalating [sic] with *Welch* retroactivity [sic]."[1] Doc. 1572. The Eleventh Circuit docket confirms this: *In re: Antonio Woodley*, No. 16-13774 (11th Cir. June 20, 2016). Woodley's motion is **DENIED** as unnecessary. Doc. 1471. His Eleventh Circuit successiveness application court met the June 26, 2016 deadline for *Johnson* claims as

---

[1] *See Johnson v. United States*, 576 U.S. ——, 135 S. Ct. 2551 (2015); *Welch v. United States*, —— U.S. ——, 136 S. Ct. 1257 (2016).

illuminated in *In re Robinson*, ___ F.3d ___, 2016 WL 1583616 at * 2 (11th Cir. April 19, 2016).

That filing stopped the § 2255(f) clock. *See* § 2255(h) (referencing certification requirement "as provided in [28 U.S.C. § 2244]"); 28 U.S.C. § 2244(d)(2) (stopping the one-year 2255(f) clock for any "properly filed application for State post-conviction *or other collateral review* with respect to the pertinent judgment. . . .") (emphasis added); *see also Martin v. Ramirez*, 2016 WL 447600 at * 2 (D. Idaho Feb. 4, 2016) (reminding that the clock is *not* stopped between final rulings during the post-conviction review process).

Likewise, Woodley's June 24, 2016 docket-filed § 2255 motion (he signed it on June 22, 2016, doc. 1573 at 5) should be **DISMISSED** as successive, but for good measure the Clerk should be **DIRECTED** to transfer it directly to the Eleventh Circuit Court of Appeals.[2] Otherwise,

---

[2] As explained by another court:

> Because the transfer statute, 28 U.S.C. § 1631, specifically provides that the "action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred," the transfer recommendation anticipates that if the [Eleventh] Circuit authorizes Petitioner's second or successive section 2255 motion after the expiration of the one-year limitation period, Petitioner's section 2255 motion would be reinstated to this Court's docket and would be considered to have been timely filed.

2

he should be **DENIED** a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because he has made no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO REPORTED AND RECOMMENDED,** this __28th__ day of June, 2016.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

*Pierre-Louis v. United States*, 2016 WL 3167070 at * 2 (D. Me. June 6, 2016); *see also In re Jackson*, No. 16-13536, ___ F.3d ___ (11th Cir. June 24, 2016) (discussing how the limitations clock is stopped during the pendency of a successive-filing request, and how district courts may otherwise apply equitable tolling, the mailbox rule, etc.).