# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO DAWON WOODLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CR408-315 |
| ) | CV413-167 |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Antonio Dawon Woodley was convicted of one count of conspiracy to possess with intent to distribute, and to distribute, controlled substances and two counts of unlawful use of a communication facility in January 2011. Doc. 1299 (Judgment).[1] He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in July 2013. Doc. 1451. Judgment was entered denying the motion in November 2013. Doc. 1471. He filed another § 2255 motion in June 2016. Doc. 1573. That Motion was denied as successive. Doc. 1594; *see also id.* at 1-2 (noting the Court of Appeals "has repeatedly denied Petitioner's

---

[1] The Court cites to the docket in the criminal case, CR408-315, unless otherwise noted.

1

requests to file a successive habeas petition."). He has now filed a document titled "Amended 2255 Petition in Relation Back Pursuant to Rule 15(c) of Civil Procedures." Doc. 1851. Because his motion is, in fact, a successive § 2255 motion and he has not secured the necessary permission from the Court of Appeals, this Court lacks jurisdiction to consider it.

"Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in § 2244 . . . ."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (explaining that a dismissal without prejudice for being an unauthorized, successive motion is not judgment on the merits for the purpose of determining that a later petition is successive). The docket in this case reflects explicit

determinations by both this Court and the Eleventh Circuit that Woodley's § 2255 motions are, at this point, successive. *See, e.g.,* doc. 1594; doc. 1608.

Although he has styled his instant Motion as an "amendment" of his previously filed § 2255 Motion, that characterization is meritless. The Motion he purports to "amend," was denied on its merits over a decade ago. *See* doc. 1471 (Judgment). The Eleventh Circuit has recognized that attempts to amend previously dismissed § 2255 motions are properly treated as successive motions. *See, e.g., United States v. Alford*, 2023 WL 4624476, at *2 (11th Cir. July 19, 2023). As the Eleventh Circuit has explained, "Rule 15 does not allow for post-judgment amendment of pleadings . . . ." *United States v. Akel*, 787 F. App'x 1002, 1007 (11th Cir. 2019). Thus, "[b]ecause there was no pending section 2255 motion in the district court, [a movant's] 'motion to amend' could correctly be construed instead as an unauthorized second or successive section 2255 motion." *Id.*

Since Woodley's motion is successive, and was not authorized by the Court of Appeals, it should be **DISMISSED**. Doc. 1851. Civil action CV413-167 should stand **DISMISSED** in its entirety. Applying the

Certificate of Appealability standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 24th day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA