IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO WOODLEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CRIMINAL ACTION NO.: 4:08-cr-315-45 |

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's July 24, 2024, Report and Recommendation, (doc. 1852), to which Petitioner has objected, (doc. 1858).[1] Woodley also filed a Motion to extend his deadline to object to the Report and Recommendation. (Doc. 1857.) For good cause shown, that Motion is **GRANTED**. (Doc. 1857; 4:13-cv-67, doc. 32.) For the reasons explained below, Williams' Objection is **OVERRULED**. (Doc. 1858.) The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. (Doc. 1852); see, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Woodley's Motion, (doc. 1851), is **DISMISSED** as an unauthorized successive § 2255 motion.

The Magistrate Judge explained that, despite purporting to amend the § 2255 motion he filed in 2013, Woodley's instant Motion was properly construed as an unauthorized second or

---

[1] Because, as discussed below, Woodley's Motion seeks to amend a 28 U.S.C. § 2255 motion he filed, and which was dismissed, in 2013, the instant Motion was also docketed in Woodley v. United States, 4:13-cv-167, doc. 29 (S.D. Ga. July 19, 2024). For simplicity, the Court cites only to the criminal docket in 4:08-cr-315 unless otherwise noted.

successive § 2255 motion. (See doc. 1852, p. 3 (citing United States v. Akel, 787 F. App'x 1002, 1007 (11th Cir. 2019).) The Magistrate Judge correctly recognized that Woodley's 2013 § 2255 motion was denied on its merits. (See docs. 1470 (Order) & 1471 (Judgment).) Woodley sought reconsideration of the denial, (doc. 1472), which the Court denied, (doc. 1474). He then appealed the denial of reconsideration. (Doc. 1480.) The Court of Appeals denied Woodley a certificate of appealability. (Doc. 1487.) Woodley's Objection seeks to relitigate the Magistrate Judge's original analysis of his decade-old § 2255 motion. (See doc. 1858, pp. 1-2 (arguing "Magistrate G.R. Smith committed a fundamental error or it was plain fraud upon the court by one of its judicial officers.").) Notwithstanding that his criticism of the former Magistrate Judge's analysis is facially untrue, (compare doc. 1858, p. 2 ("Magistrate stated that movant must argue and cite case law in 2255 petition . . . ."), with doc. 1457 (explaining that the grounds asserted in Woodley's motion failed to allege facts or failed as a matter of law), it does not alter the Magistrate Judge's recognition, as regards the instant motion, that Federal Rule of Civil Procedure 15 "does not allow for post-judgment amendment of pleadings," and any such request "could correctly be construed instead as an unauthorized second or successive section 2255 motion." (Doc. 1852, p. 3 (quoting Akel, 787 F. App'x at 1007) (internal quotation marks omitted)).) Proceedings on Woodley's original § 2255 motion concluded, definitively, when the Court of Appeals denied his certificate of appealability in 2015. (Doc. 1559.) His attempt to resuscitate those proceedings are simply unavailing, regardless of the procedural label he attaches to them.

Woodley's Objection, therefore, is **OVERRULED**. (Doc. 1858.) After careful de novo review of the entire record, therefore, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 1852.) Woodley's "amended" 28 U.S.C. § 2255 motion, (doc. 1851), is **DISMISSED** as an unauthorized second or successive § 2255 motion. The Report and

Recommendation in case number 4:13-cv-167 is also **ADOPTED**. (4:13-cv-167, doc. 30.) Case number 4:13-cv-167 stands **CLOSED**.

There are no discernable issues worthy of a certificate of appeal. Therefore, the Court **DENIES** the issuance of a Certificate of Appealability. Woodley is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court likewise **DENIES** Woodley *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 4th day of September, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA